Filed 2/10/21  P. v. Harrison CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ASA HARRISON,<br><br>　　　Defendant and Appellant. | A160577<br><br>(Sonoma County<br>Super. Ct. No. SCR-685057-1) |

Defendant Asa Harrison appeals from a judgment following a contested probation revocation hearing and imposition of the previously suspended sentence for making a criminal threat against a park ranger and vandalizing her truck.  His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgement.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief but has not done so.  Upon independent review of the record, we find no arguable issues are presented for review and affirm.

## BACKGROUND

In the underlying case, defendant pleaded no contest to one count of making a criminal threat in violation of Penal Code section 422, subdivision

1

(a)[1], and one count of misdemeanor vandalism in violation of section 594, subdivision (a), and also admitted a prior strike based on an Oregon conviction of first-degree residential burglary. Prior to doing so, defendant executed a written waiver of rights form.

At the sentencing hearing, in accordance with the negotiated disposition, the trial court granted defendant's *Romero*[2] motion to dismiss his prior strike. The court sentenced defendant to a total prison term of three years, but suspended execution and placed defendant on probation on the conditions that, among others, he complete a substance abuse treatment program at Redwood Gospel Mission and waive 340 days of his 680 total custody credits (170 actual, 170 conduct). Defendant also agreed to waive "treatment credits" for his time at the Redwood Gospel Mission program.

The following year, in August 2018, defendant pleaded no contest to a new charge of possessing methamphetamine in violation of Health and Safety Code section 11377, subdivision (a), and admitted violating probation in the instant case. The court sentenced him to 30 days in county jail on the new charge. On the probation violation, the court reinstated his original probation conditions.

Four months later, in December 2018, defendant admitted violating the terms of his probation by failing to report to probation when he was scheduled to do so. The court reinstated probation but ordered defendant to participate in a different treatment program, the Jericho Project (Jericho). The court advised defendant "[i]f you complete the Jericho Project, all your terms

---

[1] All further undesignated statutory references are to the Penal Code.

[2] *People v. Romero* (1996) 13 Cal.4th 497.

2

of probation will remain in full force and effect.  If you do not finish that program, then probation is terminated.  You will serve the three-year sentence."  Defendant also entered a *Johnson*[3] waiver as to his time at Jericho.

Six months later, defendant again faced a probation violation.  At a contested hearing, defendant admitted he had been "kicked . . . out" of the Jericho program.  His explanation was that, "I was told to bow down to a man.  That is completely against my religion.  And I was told that I couldn't have my bible."  He went, instead, to the Walden House Program.  He testified that he had called the probation department but spoke only to the operator.  His probation officer, on the other hand, testified the department's records did not show defendant had ever contacted the department.

The court found defendant in violation of his probation for two reasons—failing to complete the Jericho program and not contacting probation as ordered. As the court had warned defendant it would do, the court terminated probation and executed the three-year prison sentence.

The probation department had prepared a "credit for time served report" (capitalization omitted) indicating defendant had a total of 384 days of actual credit and 384 days of conduct credit, after he had waived 340 days and any credit for time spent in residential treatment.  Defendant did not dispute the department's credit calculation but requested the court award him credit for the time he had spent at Redwood Gospel Mission.  The court refused to do so, stating "Judge DeMeo ordered you to do something very specific.  You didn't do that. . . .  Now you're asking the Court to essentially just

---

[3] *People v. Johnson* (2002) 28 Cal.4th 1050 (*Johnson*).

3

ignore what Judge DeMeo ordered you to do and accept your alternate sentencing theory that you came up with." The court accordingly awarded defendant a total of "768 days credit towards time served."

## DISCUSSION

Upon our independent review of the record, we find no meritorious issues that require further briefing on appeal. Defendant was ably represented by counsel at all times during the probation revocation proceedings. He had a full and fair opportunity to present his case to the court. The court's finding that defendant violated the terms of his probation is amply supported by the record. (See *People v. Urke* (2011) 197 Cal.App.4th 766, 772 [standard of proof in revocation proceedings is preponderance of the evidence].) Defendant was awarded all custody credits to which he was entitled. (See *People v. Johnson, supra*, 28 Cal.4th at p. 1055 ["a trial court has discretion to condition a grant or extension of probation upon a defendant's express waiver of past and future custody credits"].)

## DISPOSITION

The judgement is affirmed.

 

 

 

 

                                   _____

                                 Banke, J.

We concur:

_____

Humes, P.J.

_____

Sanchez, J.

A160577, People v. Harrison